PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ALI MOSHIR, | ) | |
| | ) | CASE NO. 4:17CV1106 |
| Plaintiff, | ) | |
| | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| NEOCC, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Resolving ECF No. 2] |

*Pro se* Plaintiff Ali Moshir was a federal inmate at the Northeast Ohio Correctional Center (the "NEOCC") at the time he filed his Complaint. The NEOCC is a privately held prison owned by Corrections Corporation of America ("CCA"). ECF No. 1. Plaintiff brings this *in forma pauperis* Eighth Amendment claim against the following Defendants: NEOCC, USMS, Core Civic, CCA, Federal Government, State of Ohio, Mahoning County, Nurse Sfera, HSA Hivner, Nurse Cox, and Nurse Stewart. *Id.* The Complaint is brief. Plaintiff alleges that he suffers from extreme back pain, and that he has a mass on his left kidney. *Id.* He also alleges that Nurse Stewart did not follow through to arrange for Plaintiff to be transported to a hospital, and that Plaintiff has not received appropriate and sufficient medicine to alleviate his pain. *Id.* Plaintiff seeks $1 billion in damages. *Id.*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a

claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

As a threshold matter, Plaintiff makes allegations only against Defendant Nurse Stewart. Even assuming the Complaint sets forth otherwise sufficient allegations against Nurse Stewart to sustain an Eighth Amendment claim based on deliberate indifference to his medical needs, such a claim is not cognizable under *Minneci v. Pollard*, 565 U.S. 118 (2012). In *Minneci*, the Supreme Court held that a federal prisoner could not assert a *Bivens*[2] Eighth Amendment medical claim because California state tort law provided an alternative, existing process capable of protecting the constitutional interests at stake. *Minneci*, 565 U.S. at 131. In so holding, the Court noted it had "found specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located," including Ohio. *Id.* at 128. The Supreme Court also stated:

> [W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

[2] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

(4:17CV1106)

> involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.

*Id.* at 131. Therefore, even construing the Complaint liberally in a light most favorable to Plaintiff, it does not state a valid federal claim. *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008).

Accordingly, the request to proceed *in forma pauperis* (ECF No. 2) is granted and this action is dismissed under section 1915(e). The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 August 31, 2017  　　　　　　　　　　　　　 */s/ Benita Y. Pearson*
Date　　　　　　　　　　　　　　　　　　　Benita Y. Pearson
　　　　　　　　　　　　　　　　　　　　　United States District Judge